**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **TINA COHEN**, *individually, and on behalf of other similarly situated individuals*, | )<br>)<br>) |
| Plaintiff, | )  **Case No.**<br>)<br>) |
| v. | )  **CLASS ACTION**<br>)<br>)  **JURY TRIAL DEMANDED** |
| **VINEYARD VINES RETAIL, LLC** *a Connecticut limited liability company, doing business as "Vineyard Vines"*, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA)**

Plaintiff, Tina Cohen, individually, and on behalf of other similarly situated individuals, sues Defendant, Vineyard Vines Retail, LLC, and alleges the following upon information and belief, and her own personal knowledge:

### I. Introduction

1. This action arises from Defendant's violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, as amended (the "FCRA"), which requires persons that accept debt cards or credit cards for the transaction of business to redact certain credit card information from electronically printed receipts. Defendant is in willful, knowing, and reckless disregard of the statute.

2. As a result of Defendant's unlawful conduct, Plaintiff and others who conducted business with Defendant during the time frame relevant to this complaint have suffered concrete and particularized injuries, including, but not limited to, violation of their substantive rights under § 1681c(g), an invasion of their privacy (i.e., public disclosure of private facts),

1

breach of confidence in the safe handling of their account information, and elevated risk of identity theft. Plaintiffs have also been forced to assume the duty of safeguarding the receipt to prevent further disclosure of their account information.

3. The Eleventh Circuit Court of Appeals recently held that producing transaction receipts that fail to truncate all but the last five digits of a credit or debit card number causes consumers to incur multiple concrete harms, such as those detailed herein. *See Muransky v. Godiva Chocolatier, Inc.*, 16-16486 (11th Cir. Apr. 22, 2019). As a result of Defendant's unlawful conduct, Plaintiff's substantive rights under FACTA—as well as those of the proposed class—were violated; therefore, they are entitled to an award of statutory damages and other relief as further detailed herein.

## II. Jurisdiction and Venue

4. This Court has jurisdiction under 15 U.S.C. § 1681p, and 28 U.S.C. §§ 1331 and 1337 because the claims in this action arise under violation of a federal statute.

5. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Defendant conducts business in this district and its contacts here are sufficient to subject it to personal jurisdiction.

## III. Parties

6. Plaintiff Tina Cohen ("Plaintiff") is a natural person who, at all times relevant herein, resides in Palm Beach County, Florida.

7. Defendant, Vineyard Vines Retail, LLC. ("Defendant"), is a Connecticut limited liability company whose principal address is 181 Harbor Drive, Stamford, CT 06092, and

whose registered agent for service of process is in the state of Florida is Cogency Global, Inc., 115 N. Calhoun St., Ste. 4, Tallahassee, FL 32301.

8. Vineyard Vines is an American clothing and accessory retailer founded in 1998 on Martha's Vineyard, Massachusetts. The brand markets upper market ties, hats, belts, shirts, shorts, swimwear, bags for men, women, and children. It has grown to a collection of retail stores and outlets of more than 59 stores and 15 outlet locations across the United States. [1]

9. Upon information and belief, Defendant controls every aspect of its retail stores and outlets, including the programming and operation of standardized receipt-printing equipment.

### IV. Factual Allegations

**(A)   Background of FACTA**

10. Identity theft is a serious issue affecting both consumers and businesses. As of 2018, a Harris Poll revealed that nearly 60 million Americans have been affected by identity theft.  There were a record high 16.7 million victims of identity fraud in 2017 alone, and account takeovers (when a thief opens a credit card account or other financial account using a victim's name and other stolen information) tripled in 2017 from 2016, causing $5.1 billion in losses.

11. Congress enacted FACTA to "amend the Fair Credit Reporting Act, to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes." Pub. L. No. 108-159, 117 Stat. at 1952. *Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792, 803 [n.2] (9th Cir. 2007).

---

[1] Source: https://en.wikipedia.org/wiki/Vineyard_Vines (Last viewed July 11, 2019).

3

12. "[I]dentity theft is a serious problem, and FACTA is a serious congressional effort to combat it…the less information the receipt contains the less likely is an identity thief who happens to come upon the receipt to be able to figure out the cardholder's full account information." *Redman v. Radioshack Corp.*, 768 F.3d 622, 626 (7th Cir. 2014).

13. One such FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or bank account from a receipt provided to the consumer during a point of sale transaction, which, through any number of ways, could fall into the hands of someone other than the consumer. Codified at 15 U.S.C. § 1681c(g) and hereinafter referred to as the "Receipt Provision," this provision states the following:

> "*Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.*"

14. Upon signing FACTA into law, President George W. Bush remarked that "[s]lips of paper that most people throw away should not hold the key to their savings and financial secrets." 39 Weekly Comp. Pres. Doc. 1746, 1757 (Dec. 4, 2003). President Bush added that the government, through FACTA, was "act[ing] to protect individual privacy." *Id.*

15. After enactment, FACTA provided three (3) years in which to comply with its requirements, mandating full compliance with its provisions no later than December 4, 2006.

16. The requirement was widely publicized among retailers and the FTC. For example, on March 6, 2003, in response to earlier state legislation enacting similar truncation requirements, then-CEO of Visa USA, Carl Pascarella, explained;

> "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit

4

> cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether. . ... The first phase of this new policy goes into effect July 1, 2003 for all new terminals . . ..."

Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

17. Card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date. For example, the publication, "Rules for Visa Merchants," which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all."

18. Because a handful of large retailers did not comply with their contractual obligations to the card companies and the straightforward requirements of FACTA, Congress passed The Credit and Debit Card Receipt Clarification Act of 2007 to make temporary changes to the definition of willful noncompliance with respect to violations involving the printing of an expiration date on certain credit and debit card receipts before the date of the enactment of this Act. Importantly, the Clarification Act reaffirmed Congress's belief that "proper truncation" of the account number on the receipt (i.e. masking all but the last five digits) protects cardholders from identity theft or credit card fraud.

19. Accordingly, card processing companies continued to alert their merchant clients, including Defendants, of FACTA's requirements. From a Visa Best Practice Alert in 2010:

> Some countries already have laws mandating PAN truncation and the suppression of expiration dates on cardholder receipts. For example, the United States Fair and Accurate Credit Transactions Act (FACTA) of 2006 prohibits

5

merchants from printing more than the last five digits of the PAN or the card expiration date on any cardholder receipt. (Please visit http://www.ftc.gov/os/statutes/fcrajump.shtm for more information on the FACTA.) To reinforce its commitment to protecting consumers, merchants, and the overall payment system, Visa is pursuing a global security objective that will enable merchants to eliminate the storage of full PAN and expiration date information from their payment systems when not needed for specific business reasons. To ensure consistency in PAN truncation methods, Visa has developed a list of best practices to be used until any new global rules go into effect.

*See* Exhibit A, Visa Best Practices.

20. As noted above, the processing companies have required that credit card or debit card expiration dates not be shown since 2003 and still require it. For example, American Express requires:

> Pursuant to Applicable Law, truncate the Card Number and do not print the Card's Expiration Date on the copies of Charge Records delivered to Card Members. Truncated Card Number digits must be masked with replacement characters such as "x," "*," or "#," and not blank spaces or numbers.

*See* Exhibit B, American Express Operating Regulations.

21. Similarly, MasterCard required in a section titled Primary Account Number (PAN) truncation and Expiration Date Omission:

> A Transaction receipt generated by an electronic POI Terminal, whether attended or unattended, must not include the Card expiration date. In addition, a Transaction receipt generated for a Cardholder by an electronic POI Terminal, whether attended or unattended, must reflect only the last four digits of the primary account number (PAN). All preceding digits of the PAN must be replaced with fill characters, such as "X," "∗," or "#," that are neither blank spaces nor numeric characters.

*See* Exhibit C, Mastercard Acceptance Procedures.

22. So problematic was the crime of identity theft that the three main credit reporting agencies, Experian, Equifax, and Transunion, joined to set-up a free website (http://www.annualcreditreport.com) in order to comply with FACTA requirements and to

6

provide the citizens of this country with a means of monitoring their credit reports for possible identity theft.

### (B)     Defendant's Prior Knowledge of FACTA

23.     Most of Defendant's business peers and competitors currently and diligently ensure their credit card and debit card receipt printing process remains in compliance with FACTA by consistently verifying their card machines and devices comply with the truncation requirement. Defendant could have readily done the same—but has chosen not to.

24.     Not only was Defendant informed not to print the expiration date of credit or debit cards, *supra*, it was contractually prohibited from doing so. Defendant accepts credit cards and debit cards from all major issuers; these companies set forth requirements that merchants, including Defendant, must follow, including FACTA's redaction and truncation requirements. *See Operating Engineers Pension Trust v. Gilliam*, 737 F.2d 1501, 1504 (9th Cir.1984) ("[one] who signs a written agreement generally is bound by its terms, even though he neither reads it nor considers the legal consequences of signing it.") (Restatement 2d Contracts § 23, Comments b, e (1981)).

25.     Defendants also had actual knowledge of FACTA's truncation requirement before they began failing to comply with the requirement. Karen Beebe, CIO and senior VP of technology at Vineyard Vines, has nearly 30 years' experience in retail, during which time she has had extensive exposure to FACTA and its requirements.

26.      A large portion of Ms. Beebe's experience includes a nearly 20-year stint with L Brands, Inc. (formerly known as Limited Brands, Inc. and The Limited, Inc.) an American fashion retailer based in Columbus, Ohio, whose flagship brands include Victoria's Secret and

7

Bath & Body Works, both of whom were sued for FACTA violations during Ms. Beebe's tenure.[2]

27. No doubt Ms. Beebe's expertise and knowledge of FACTA has followed her to Vineyard Vines; even Defendant's Part Time Stock Associates are expected to have "full understanding of the POS System."[3]

28. For some reason, however, Defendant has chosen not to comply with FACTA.

**(C)   Plaintiff's Factual Allegations**

29. On or about March 13, 2019, Plaintiff made a purchase from the Vineyard Vines store, located in the Boca Town Center Mall, in Boca Raton, FL.

30. Plaintiff paid for the subject goods each using her personal American Express credit card and was subsequently provided an electronically printed receipt which revealed the expiration date of American Express credit card.

31. In addition to bearing the expiration date of the credit card account number, the receipt identified Plaintiff's credit card as an American Express card, and included on the face of the receipt her full name.[4]

32. Plaintiff noticed that the receipt showed the expiration date of her credit card and, concerned that her personal information could be seen and used for improper purposes if she were to discard the receipt, Plaintiff took steps to safeguard the receipt and then contacted counsel with regard to the risk of identity theft to which she had been exposed.

---

[2] Source: https://www.attorneyzim.com/in-the-news/consumer-affairs-05-20-2009-olive-garden/ (Last viewed July 2, 2019); https://www.scrla.org/page/663 (Last viewed July 11, 2019).
[3] Source: https://www.glassdoor.com/job-listing/stock-associate-part-time-vineyard-vines-JV_IC1148338_KO0,25_KE26,40.htm?jl=3213886795 (Last viewed July 11, 2019).
[4] The receipt did, however, include a typographic error, identifying Plaintiff as Tina Ohen, not Tina Cohen.

33. Defendant's disclosure of the expiration date of Plaintiff's American Express card breached her confidence in the proper handling of her account information, publicly disclosed private factual information regarding her credit card account, exposed her to a heightened risk of identity theft, and compelled her to take affirmative action to safeguard the receipt; something she would not have had to do if Defendant complied with the law.

34. Like any reasonable consumer, had Plaintiff known that by using her personal American Express card to conduct business with Defendants, her personal, private, and sensitive credit card information would be compromised as detailed herein, she would never had used the card to make purchases.

35. Upon information and belief, Defendant's operating budget sets aside a portion of the cost of each credit card transaction to maintaining credit card transaction security and legal compliance. By failing to provide those services to Plaintiff, Defendant has been unjustly enriched, and Plaintiff and class members have been charged for services they did not receive.

**(D)   Defendant's Misdeeds**

36. At all times relevant herein, Defendant was acting by and though its agents, servants and/or employees, each of which were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

37. Notwithstanding the Receipt Provision, Defendant is deliberately, willfully, intentionally, and/or recklessly violating FACTA by issuing receipts which to not comply with the FCRA. The digits appearing on the receipt were not printed accidentally; the equipment and software used to print the receipts and electronically store an image of same must be intentionally programmed to display certain information, and likewise, programmed not to display certain information. Notwithstanding the fact that it has had years to comply—and was

specifically warned—Defendant continues to issue point of sale receipts displaying the expiration date of its patrons' credit and debit cards, in direct violation of FACTA's truncation requirement.

38. To paraphrase the words of the Honorable Judge Posner, Defendant is engaged "in conduct that creates an unjustifiably high risk of harm that is either known or so obvious that it should be known…" *Redman v. RadioShack Corp.*, 768 F.3d 622, 627 (7th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

39. A company subject to the FCRA can be liable for willful violations of the FCRA within the meaning of §1681n if they show a "reckless disregard" for the law. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).

## V. Class Action Allegations

40. This action is also brought as a Class Action under Fed. R. Civ. P. 23. Plaintiffs propose the following class, defined as follows, subject to modification by the Court as required:

> *(i) All persons in the United States (ii) who, when making payment pursuant to a purchase made at a Vineyard Vines location (iii) made such payment using a credit or debit card (iv) and were provided with a point of sale receipt (v) which displayed the expiration date of the credit or debit card (vi) within the two (2) years prior to the filing of the complaint.*

41. Plaintiff falls within the class definition and is a member of the class. Excluded from the class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

**(A)   Certification Under Either Rule 23(b)(2) or (b)(3) is Proper.**

42.   The members of the class are capable of being described without managerial or administrative problems. The members of the class are readily ascertainable from the information and records in the possession, custody or control of Defendant, its agents, and its credit card processors.

43.   Defendant operates over 70 retail establishments throughout the United States, accepts credit cards and debit cards at each and, upon information and belief, prints receipts reflective of credit card or debit card transactions. Therefore, it is reasonable to conclude that the class is sufficiently numerous such that individual joinder of all members is impractical. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified through Defendant's records or Defendant's agents' records.

44.   There are common questions of law and fact that predominate over any questions affecting only the individual members of the class. The wrongs alleged against Defendant are statutory in nature and common to each and every member of the putative class.

45.   While all class members have experienced actual harm as previously explained herein, this suit seeks only statutory damages and injunctive relief on behalf of the class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the class predominate over questions that may affect individual class members, including the following:

a. Whether, within the two (2) years prior to the filing of this Complaint, Defendant and/or its agents accepted payment by credit or debit card from any consumer and subsequently gave that consumer a printed receipt which showed the expiration date of their credit or debit card;

b. Whether Defendant's conduct was willful or reckless;

c. Whether Defendant is liable for damages, and the extent of statutory damages for each such violation; and

d. Whether Defendant should be enjoined from engaging in such conduct in the future.

47. As a person that patronized one of Defendant's retail locations and received a printed receipt containing the expiration date of her credit card, Plaintiff is asserting claims that are typical of the proposed class. Plaintiff will fairly and adequately represent and protect the interests of the class in that Plaintiff has no interests antagonistic to any member of the class. have extensive experience in complex commercial litigation, class actions, and have adequate financial resources to ensure that the interests of the Class will not be harmed.

48. If appointed class representatives, Plaintiffs are aware, and are committed to, faithfully uphold their fiduciary duties to absent class members. Plaintiffs and their counsel are committed to the vigorous prosecution of this action and will allocate the appropriate time and resources to ensure that the class is fairly represented. Plaintiff and her counsel will therefore fairly and adequately assert and protect the interests of the Class.

49. The principal question is whether the Defendant violated section 1681c(g) of the FCRA by providing class members with electronically printed receipts in violation of the Receipt Provision. The secondary question is whether Defendant willfully, knowingly, or

recklessly provided such electronically printed receipts, despite knowledge of the unlawful nature of such policy.

50. Plaintiffs and the members of the class have all suffered harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the class, along with countless future patrons of Defendant's many retail establishments, will continue to face the potential for irreparable harm. In addition, these violations of law would be allowed to proceed without remedy and Defendant will (as it has already shown) continue such illegal conduct. Because of the size of the individual class members' claims, few class members could afford to seek legal redress for the wrongs complained of herein.

51. Defendant's defenses are and will be typical of and the same or identical for each of the members of the class and will be based on the same legal and factual theories. There are no unique defenses to any of the class members' claims.

52. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small. The maximum statutory damages in an individual action for a violation of this statute are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

53. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

**Count I – Violations of 15 U.S.C. § 1681(c)(g)**

54. Plaintiff incorporates paragraphs 1 through 53 as if fully set forth herein.

55. 15 U.S.C. §1681c(g) states as follows:

> *Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.*

56. This section applies to any "device that electronically prints receipts" (hereafter "Devices") for point of sale transactions. 15 U.S.C. § 1681c(g)(3).

57. Defendant employs the use of said Devices for point of sale transactions at each of its various locations.

58. On or before the date on which this complaint was filed, Plaintiff and members of the class were provided receipt(s) by Defendant that failed to comply with the Receipt Provision.

59. At all times relevant to this action, Defendant was aware, or should have been aware, of both the Receipt Provision as well as the need to comply with said provision.

60. Notwithstanding the three-year period to prepare for FACTA and its accompanying provisions, including but not limited to the Receipt Provision; and having knowledge of the Receipt Provision and FACTA as a whole; Defendant knowingly, willfully, intentionally, and/or recklessly violated and continues to violate the FCRA and the Receipt Provision.

61. By printing the expiration date of Plaintiff's credit card number on Plaintiff's transaction receipt, Defendant caused Plaintiff to suffer a heightened risk of identity theft; exposed Plaintiff's private information to those of Defendant's employees who handled the receipt and forced Plaintiff to take action to secure or destroy the receipts.

62. As a result of Defendant's willful violations of the FCRA, Plaintiff and members of the class continue to be exposed to an elevated risk of identity theft. Defendant is liable to

Plaintiff and members of the class pursuant to 15 U.S.C. § 1681n for statutory damages, punitive damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff, Tina Cohen, respectfully requests that this Court enter judgment in her favor and the class, and against Defendant for:

a. An Order granting certification of the class;

b. Statutory damages;

c. Punitive damages;

d. Injunctive relief;

e. Attorneys' fees, litigation expenses and costs of suit; and

f. Such other and further relief as the Court deems proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts.

Dated: July 11, 2019.

Respectfully submitted,

*s/ Scott D. Owens*
Scott D. Owens, Esq. (FBN 0597651)
Scott D. Owens, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Jeremy A. Cohen, Esq. (FBN 626864)
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01702
Tel: 508-309-4880
Fax: 508-597-7722
jeremy@cwlawgrouppc.com