UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80912-CIV-DIMITROULEAS

TINA COHEN, individually and on
behalf of other similarly situated
individuals,

    Plaintiff,

vs.

VINEYARD VINES RETAIL, LLC
a Connecticut limited liability company,
doing business as "Vineyard Vines",

    Defendant.
_____/

## ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS CAUSE** is before the Court on Defendant Vineyard Vines Retail, LLC ("Defendant")'s Motion to Dismiss Plaintiff's Class Action Complaint, filed on September 4, 2019. [DE 11]. The Court has carefully considered the Motion [DE 11], Plaintiff Tina Cohen ("Plaintiff")'s Response [DE 13], Defendant's Reply [DE 14], and is otherwise fully advised in the premises.

    **I.**    **Background**

According to the factual allegations of the Complaint, Plaintiff made a purchase on March 13, 2019 from a Vineyard Vines store using her personal American Express credit card and was subsequently provided an electronically printed receipt which revealed the expiration date of American Express credit card. *See* [DE 1] at ¶¶ 29, 30. On July 11, 2019, Plaintiff filed a putative class action complaint, alleging Defendant's violation of the Fair and Accurate Credit

Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, as amended (the "FCRA"), which requires persons that accept debt cards or credit cards for the transaction of business to redact certain credit card information from electronically printed receipts. *See* [DE 1].

Defendant has moved to dismiss the Complaint for lack of standing, arguing that the Complaint fails to allege facts establishing a concrete harm that meets the injury-in-fact requirement of Article III. For the reasons explained below, the Court agrees with Defendant and dismisses this case for lack of Article III standing.

## II.     Discussion

Rule 12(b)(1) requires dismissal of a claim if the Court lacks subject matter jurisdiction over it. Fed. R. Civ. P. 12(b)(1). Article III, Section 2 of the U.S. Constitution requires that a plaintiff in federal court "(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

It is the first requirement, that of injury-in-fact, that is challenged here. For Plaintiff to meet its burden of demonstrating that she has Article III standing, the "injury-in-fact" requirement demands that "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548. To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 60 (1992) (internal quotation marks omitted). *See also*

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Salcedo v. Hanna*, No. 17-14077, 2019 WL 4050424 (11th Cir. Aug. 28, 2019).

Defendant does not dispute Plaintiff meets the "particularized" element. However, Defendant contends that Plaintiff fails to allege a "concrete" injury sufficient to establish standing. As the Supreme Court explained in *Spokeo*, where the violation of a particular statutory provision does not result in concrete harm to the plaintiff, the plaintiff lacks Article III standing to bring the claim:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [the plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.

*Spokeo*, 136 S. Ct. at 1549.

Every appellate court and nearly every district court to address the issue presented in this case—the violation of the expiration date provision of FACTA – has held that an alleged FACTA violation based on the mere failure to truncate a credit card's expiration date on a printed receipt does not meet the concrete injury in fact requirement and therefore that the plaintiff lacked Article III standing. As the D.C. Circuit recently explained earlier this year in *Jeffries v. Volume Servs. Am., Inc.*, 928 F.3d 1059, 1066 (D.C. Cir. 2019), a case in which the plaintiff brought a FACTA claim for alleged violations of both the card number and expiration date provisions:

> According to the Congress, "proper truncation of the card number, by itself as required by" FACTA, "regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud." Id. § 2(a)(6), 122 Stat. at 1565. Thus, printing an expiration date on a receipt

> without more—although a technical violation of FACTA—does not create a risk of identity theft; accordingly, a plaintiff who has suffered this type of FACTA violation has been able to use his credit card without incurring an increased risk of identity theft—*i.e.*, has not suffered a concrete injury in fact. That is why our sister circuits, applying *Spokeo*, have unanimously concluded that a FACTA violation based solely on a failure to truncate an expiration date does not qualify as a concrete injury in fact. *Accord Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 783 (9th Cir. 2018) (no standing where plaintiff alleged FACTA violation by printing only expiration date on receipt); *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 81 (2d Cir. 2017) (same); *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016) (same).

*Jeffries v. Volume Servs. Am., Inc.*, 928 F.3d 1059, 1066 (D.C. Cir. 2019); *see also Crupar-Weinmann*, 861 F.3d at 78 ("Guided by unambiguous statutory language that a receipt with a credit card expiration date does not raise a material risk of identity theft, and finding that the bare procedural violation alleged by the plaintiff does not present a material risk of harm, we conclude that allegations in her amended complaint [that customer receipts displayed the credit card's expiration date] do not satisfy the injury-in-fact requirement necessary to establish Article III standing to bring suit.").

While Plaintiff contends that courts in this circuit have "routinely held" that plaintiffs have standing under Article III to pursue FACTA claims where a defendant failed to mask a card's expiration date in violation of FACTA's prohibit on printing expiration dates, the three district court cases[1] Plaintiff relies on for this proposition were all decided prior to the appellate decisions in *Jeffries*, *Bassett, Crupar-Weinmann*, and *Meyers* and are clearly outliers at this point in time.  As another district court in our circuit explained last year, the trend in post-*Spokeo* FACTA expiration date cases is unambiguous that Article III standing is lacking:

---

[1] *See Flaum v. Doctor's Assocs., Inc.*, 204 F. Supp. 3d 1337 (S.D. Fla. 2016); *Wood v. J Choo USA, Inc.*, 201 F.Supp.3d 1332, 1340 (S.D. Fla. 2016); *Bouton v. Ocean Props., Ltd.*, 201 F.Supp.3d 1341, 1352 (S.D. Fla. 2016).

> The initial cases held that plaintiffs had standing to sue even though no one had used the expiration dates printed on the receipts to steal their identities or commit fraud against them. *See, e.g., Wood v. J Choo USA, Inc.*, 201 F. Supp. 3d 1332, 1334 (S.D. Fla. 2016) (decided Aug. 11, 2016); *Bouton v. Ocean Properties, Ltd.*, 201 F. Supp. 3d 1341, 1351-52 (S.D. Fla. 2016) (decided Aug. 15, 2016); and *Flaum v. Doctor's Assocs., Inc.*, 204 F. Supp. 3d 1337, 1342 (S.D. Fla. 2016) (decided Aug. 29, 2016).
>
> As with the line of cases where merchants printed too many digits on receipts, the tide changed in the "expiration date" cases in early 2017. *See Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 CIV. 7174 (KPF), 2017 WL 377931, at *6 (S.D.N.Y. Jan. 26, 2017) ("Plaintiff fails to carry her burden to clearly allege facts demonstrating a concrete and particularized injury to support standing."). Since that date, with one exception, numerous district courts around the country have been unanimous in finding that plaintiffs lack standing to pursue claimed FACTA violations for the printing of expiration dates on their receipts when they suffered no actual harm. *See, e.g., Weinstein v. Intermountain Healthcare, Inc.*, No. 2:16-CV-00280-DN, 2017 WL 1233829, at *4 (D. Utah Apr. 3, 2017); *Llewellyn v. AZ Compassionate Care Inc.*, No. CV-16-04181-PHX-DGC, 2017 WL 1437632, at *1 (D. Ariz. Apr. 24, 2017); *Gant v. Fondren Orthopedic Grp. L.L.P.*, No. 4:16-CV-00648, 2017 WL 4479955, at *2 (S.D. Tex. May 22, 2017); *O'Shea v. P.C. Richard & Son, LLC*, No. 15 CIV. 9069 (KPF), 2017 WL 3327602, at *5 (S.D.N.Y. Aug. 3, 2017); and *Batra v. RLS Supermarkets LLC*, No. 3:16-CV-2874-B, 2017 WL 3421073, at *5 (N.D. Tex. Aug. 9, 2017).

*Kleg v. SP Plus Corp.*, No. 117CV03997MLBWEJ, 2018 WL 1807012, at *5 (N.D. Ga. Mar. 5, 2018).

The Court also notes that Plaintiff's Response in opposition to the Motion to Dismiss relies heavily on *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1188 (11th Cir. 2019). However, the Eleventh Circuit recently vacated that opinion and decided to rehear the case *en banc*. *See Muransky v. Godiva Chocolatier, Inc.*, No. 16-16486, 2019 WL 4891989, at *1 (11th Cir. Oct. 4, 2019).

Here, upon careful consideration, the Court agrees with the unanimous conclusion of the D.C., Ninth, Second, and Seventh Circuit Courts, and the clear trend in the federal district courts, that the alleged FACTA expiration date violation alleged in the instant Complaint is a bare procedural violation which fails to allege facts sufficient to meet the Article III standing

requirements under *Spokeo* and its progeny. Accordingly, the Complaint shall be dismissed for lack of subject matter jurisdiction.

### III. Conclusion

Based upon the foregoing, it is hereby **ORDERED and ADJUDGED** as follows:

1. The Motion to Dismiss Plaintiff's Class Action Complaint [DE 11] is **GRANTED**;
2. This case is **DISMISSED without prejudice** for lack of Article III standing;
3. The Clerk is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of December, 2019.

*[signature]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record